UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ONI C FOX; and
CLEOVA M FOX,

    Plaintiffs,                        CASE NO. 3:21-cv-00879-MCR-HTC

vs.

THE FIRST LIBERTY INSURANCE
CORPORATION,

    Defendant,
_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT**

Defendant, The First Liberty Insurance Corporation ("Liberty Mutual"), answers the Amended Complaint:

1. Admitted.

2. Admitted.

3. Liberty Mutual issued policy number H36-258-347-921-10 08, and the terms of the insurance contract speak for itself. Liberty Mutual admits that the property is located at: 1201 West Jordan Street, Pensacola, FL 32501. The remaining allegations are denied.

4. Denied.

5. Admitted that venue and jurisdiction are proper.

6. Admitted that Liberty Mutual issued policy number H36-258-347-921-10 08, which provided coverage for property located at 1201 West Jordan Street, Pensacola, FL 32501, subject to the terms, limits and conditions of the policy. The remaining allegations are denied.

1

7. Admitted that Liberty Mutual issued policy number H36-258-347-921-10 08, which provided coverage for property located at 1201 West Jordan Street, Pensacola, FL 32501, subject to the terms, limits and conditions of the policy. The remaining allegations are denied.

8. Admitted that Liberty Mutual issued policy number H36-258-347-921-10 08, which provided coverage for property located at 1201 West Jordan Street, Pensacola, FL 32501, subject to the terms, limits and conditions of the policy. The remaining allegations are denied.

9. Admitted that policy number H36-258-347-921-10 08 was in effect on September 16, 2020; otherwise, denied.

10. Admitted that Liberty Mutual issued policy number H36-258-347-921-10 08, which provided coverage for property located at 1201 West Jordan Street, Pensacola, FL 32501, subject to the terms, limits and conditions of the policy. The remaining allegations are denied.

11. Denied.  The Plaintiff did not comply with conditions precedent.

12. Liberty Mutual denies that it breached or purportedly failed to comply with any duty under policy number H36-258-347-921-10 08.

## **COUNT I – BREACH OF CONTRACT**

13. Liberty Mutual reasserts its responses to paragraphs 1 – 12.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Liberty admits that the claim number is 043597303-01. Otherwise, denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## AFFIRMATIVE DEFENSES

If an affirmative defense below is more appropriately a denial, then Liberty Mutual will defend accordingly. Liberty Mutual does not intend to assume or shift the burden of proof on a denial by raising an affirmative defense. Also, Liberty Mutual reserves the right to supplement or add additional affirmative defenses.

### Affirmative Defense One

The policy provides:

**SECTION I - PERILS INSURED AGAINST**

**COVERAGE A - DWELLING and COVERAGE B - OTHER STRUCTURES**

> We insure against risk of direct loss to property described in Coverages A and B only if that loss is a physical loss to property. We do not insure, however, for loss:
>
> 2. Caused by:
> e. Any of the following:
> (1) Wear and tear, marring, deterioration;
> (2) Inherent vice, latent defect, mechanical breakdown:
>  . . . .
> (6) Settling, shrinking, bulging or expansion, including resultant cracking, of pavements, patios, foundations, walls, floors, roofs or ceilings

Damages to the property were the result of these causes, and, therefore, are excluded.

## Affirmative Defense Two

The policy provides:

> SECTION I - EXCLUSIONS
> 2. We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.
>  . . .
>
> c. Faulty, inadequate or defective:
>
> (1) Planning, zoning, development, surveying, siting;
> (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
> (3) Materials used in repair, construction, renovation or remodeling; or
> (4) Maintenance; of part or all of any property whether on or off the "residence premises"

Some of the damage reported was caused by wear and tear, failure to maintain or repair, deterioration, inherent vice, latent defect, mechanical breakdown, faulty,

4

inadequate, or defective installation, workmanship, repair, construction, and/or maintenance. These damages are excluded under the terms of the policy.

### Affirmative Defense Three

The insurance policy provides:

> **1.** We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
>
> a. **Ordinance or Law,** meaning enforcement of any ordinance or law regulating the construction, repair, or demolition of a building or other structure, unless specifically provided under this policy.

. . . .

The following ADDITIONAL COVERAGE is added:

> **11. Ordinance or Law.**
>
> a. You may use up to the percentage shown on your policy Declarations that applies to **Coverage A – Dwelling** (or, for Form **H0 00 04,** you may use up to the percentage shown on the Declarations that applies to Building Additions and Alterations) for the increased costs you incur due to the enforcement of any ordinance or law which requires or regulates:
>
>> (1) The construction, demolition, remodeling, renovation or repair of that part of a covered building or other structure damaged by a PERIL INSURED AGAINST;
>> (2) The demolition and reconstruction of the undamaged part of a covered building or other structure, when that building or other structure must be totally demolished because of damage by a PERIL INSURED AGAINST to another part of that covered building or other structure; or
>> (3) The remodeling, removal or replacement of the portion of the undamaged part of a covered building or other structure necessary to complete the remodeling, repair or replacement of that part of the covered building or other structure damaged by a PERIL INSURED AGAINST.

5

…

Plaintiff cannot recover any repairs claimed to comply with any ordinance or law, including the Florida Building Code, because Plaintiff did not incur any increased costs due to the enforcement of any ordinance or law.

### Affirmative Defense Four

The insurance policy provides:

> **3. Loss Settlement.**
>
> Under Forms **HO 00 02** and **HO 00 03**, item b. (4) and (5) are deleted and replaced with the following:
>
> b.(4) We will initially pay at least the actual cash value of the insured loss, less any applicable deductible. We shall pay any remaining amounts necessary to perform such repairs as work is performed and expenses are incurred. We will not require you to advance payment for such repairs or expenses, with the exception of incidental expenses to mitigate further damage, subject to the provisions of **Section I – Conditions,**
>
> **Your Duties After Loss,** item **2.** e.
> If a total loss of the covered dwelling occurs, we shall pay the replacement cost coverage without reservation or holdback of any depreciation in value, subject to the policy limits

Plaintiff's recovery, if any, is limited to the actual cash value of the damage. In addition, Plaintiff cannot recover for "matching" or because undamaged property will purportedly be damaged during repairs.

### Affirmative Defense Five

Even if repairs had been made, recovery, if any, would be limited as follows:

> **3. Loss Settlement.** Covered property losses are settled as follows:
> ***
>
> b. Buildings under Coverage A or B at replacement

> cost without deduction for depreciation, subject to the following:
>
> > (1) If, at the time of loss, the amount of insurance in this policy on the damaged building is 80% or more of the full replacement cost of the building immediately before the loss, we will pay the cost to repair or replace, after application of deductible and without deduction for depreciation, but not more than the least of the following amounts:
> >
> > > (a) The limit of liability under this policy that applies to the building;
> > >
> > > (b) The replacement cost of that part of the building damaged for like construction and use on the same premises; or
> > >
> > > (c) The necessary amount actually spent to repair or replace the damaged building.

### Affirmative Defense Six

Liberty Mutual is entitled to a set-off for all payments made on the insurance claim.

### Affirmative Defense Seven

The policy contains a deductible. Recovery, if any, is subject to the deductible

### Affirmative Defense Eight

Plaintiffs do not own the insured property. Plaintiff's recovery is limited to the extent of insurable interest, if any.

### Demand for Jury Trial

Liberty Mutual demands a jury trial.

Dated: July 9, 2021

Respectfully submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

*/s/Matthew Lavisky*
MATTHEW J. LAVISKY, ESQ.
Florida Bar No.: 48109
mlavisky@butler.legal
LATASHA SCOTT, ESQ.
Florida Bar No.: 52316
lscott@butler.legal
Secondary:   hmosher@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:   (813) 281-1900
Facsimile:     (813) 281-0900
*Counsel for Defendant, The First Liberty Insurance Corporation*

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to:

Anya V. Francis, Esq.
Levi Glick, Esq.
Insurance Litigation Group, P.A.
1500 Northeast 162nd Street
Miami, FL  33162
levi@ilgpa.com
anya@ilgpa.com
service@ilgpa.com
*Counsel for Plaintiffs, Oni C. Fox; and Cleova M. Fox*

via email July 9, 2021.

*/s/ Matthew J. Lavisky*
MATTHEW J. LAVISKY, ESQ.